United States Courts
Southern District of Texas
FILED

*January 04, 2023*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **v.** | § |
| | § |
| **MINH HOANG DANG,** | § |
| | § |
| **Defendant.** | § |
| | § |

**Criminal No.: H-4:23-cr-0006**

## <u>INDICTMENT</u>

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to this indictment:

1.      (1) ASHLEY YEN NGUYEN, a/k/a DUYEN (hereinafter "DUYEN") is the leader of a criminal organization based in Southwest Houston, Texas.  In addition to having members in Southwest Houston, this criminal organization has associates operating throughout Texas and Vietnam who act in furtherance of its criminal scheme.

2.      This criminal organization is operating a large-scale marriage fraud scheme, in which it creates sham marriages in order to illegally obtain admission and immigrant status for aliens in the United States.  A "sham" marriage is a marriage that is entered into for the primary purpose of circumventing the immigration laws.

3.      DUYEN and her co-conspirators, including Defendant MINH HOANG DANG, are engaged in a variety of criminal conduct, including, but not limited to, marriage fraud, mail fraud and immigration fraud.

4.      Other leaders, organizers, and facilitators of this criminal organization include KHANH PHUONG NGUYEN, TUYEN THAI HUYNH, HUNG PHUOC NGUYEN, CAT GIA LY, a/k/a JASON, LAN MINH NGUYEN, BINH THANH NGUYEN, FELICIA DENISE

1

BARGAS, KRISTINE GUZMAN, JANIE GONZALEZ, and others known and unknown to the grand jury.  KHAN PHUONG NGUYEN is DUYEN's daughter.

5.      This criminal organization is using at least 8 residences in Houston, Texas in furtherance of its criminal activities.  These include:

        a.      11531 High Star Drive, Houston, Texas 77072;

        b.      4230 Alief Village Drive, Houston, Texas 77072;

        c.      10911 Hazen Street, Houston, Texas 77072;

        d.      11571 Willwood Drive, Houston, Texas 77072;

        e.      11403 Carvel Lane, Houston, Texas 77072;

        f.      4414 Tufa Court, Houston, Texas 77072;

        g.      11315 Newbrook Drive, Houston, Texas 77072; and

        h.      4370 Yupon Ridge, Houston, Texas 77072.

This criminal organization is also using other locations of operations in Vietnam.

6.      The criminal organization's mail fraud, marriage fraud, immigration fraud, and conspiracy to commit mail fraud, marriage fraud, and immigration fraud also affected financial institutions in that proceeds from the alien beneficiaries went into, and payments to the United States citizen petitioners came from, the following accounts:

| Bank Name | Account Number | Account Name | Type of Account | Account Holders |
|---|---|---|---|---|
| Bank of America | XXXX-XXXX-8345 | American Global Investments LLC | Checking (DDA) | Ashley Y. Nguyen |
| Bank of America | XXXX-XXXX-3469 | Ashley Y. Nguyen | Checking (DDA) | Ashley Y. Nguyen |
| Bank of America | XXX-XXX-XXXX-0422 | Hung Van Nguyen | Certificate of Deposit | Hung Van Nguyen |
| Bank of America | XXXX-XXXX-0348 | Hung Van Nguyen | Core Checking Account | Hung Van Nguyen |

| | | | | |
|---|---|---|---|---|
| Bank of America | XXXX-XXXX-4429 | Hung Van Nguyen | Rewards Money Market Savings Account | Hung Van Nguyen |
| Bank of America | XXXX-XXXX-4474 | Hung Van Nguyen | Checking Preferred Rewards Platinum Honors | Hung Van Nguyen |
| Bank of America | XXXX-XXXX-8061 | Khanh P. Nguyen | Checking (DDA) | Khanh P. Nguyen |
| Bank of America | XXXX-XXXX-6722 | Khanh P. Nguyen | Checking (DDA) | Khanh P. Nguyen |
| Bank of America | XXXX-XXXX-0679 | Khanh P. Nguyen | Savings (SAV) | Khanh P. Nguyen |
| Bank of America | XXXX-XXXX-2450 | Khanh P. Nguyen or Tam C. Le | Checking (DDA) | Khanh P. Nguyen and Tam Cong Le |
| Bank of America | XXXX-XXXX-3089 | Tam C. Le or Khanh P Nguyen | Checking (DDA) | Tam Cong Le and Khanh P. Nguyen |
| Bank of America | XXXX-XXXX-3926 | Thanh Nhu Le | Checking (DDA) | Thanh Nhu Le |
| Bank of America | XXXX-XXXX-4441 | Thao N. Le | Checking (DDA) | Thao N. Le |
| Bank of America | XXXX-XXXX-1089 | Galaxy Multi Services LLC | Checking | Ashley Y. Nguyen and Hung Phuoc Nguyen |
| Bank of America | XXXX-XXXX-1498 | Catherine Bui Nguyen | Savings (SAV) | Catherine Bui Nguyen |
| Bank of America | XXXX-XXXX-1508 | Helene Bui Nguyen | Savings (SAV) | Helene Bui Nguyen |
| Bank of America | XXXX-XXXX-7742 | Minh V. Dinh | Checking (DDA) | Minh V. Dinh |
| Bank of America | XXXX-XXXX-1520 | Lan Anh Thi Nhan | Savings (SAV) | Lan Anh Thi Nhan |
| Bank of America | XXXX-XXXX-2317 | Hai T. Luu | Savings (SAV) | Hai T Luu and Lan Anh Thi Nhan |
| Bank of America | XXXX-XXXX-9617 | Lan Anh Thi Nhan | Checking (DDA) | Lan Anh Thi Nhan |
| Bank of America | XXXX-XXXX-3689 | Hai T. Luu | Checking (DDA) | Hai T Luu and Lan Anh Nhan |
| JPMorgan Chase | XXXXX2528 | Ashley Y Nguyen or Khanh P Nguyen | Chase Total Checking | Ashley Y. Nguyen and Khanh P. Nguyen |

| JPMorgan Chase | XXXXX9661 | VIETLEGAL LLC | Chase Total Business Checking | Ashley Y. Nguyen |
|---|---|---|---|---|
| JPMorgan Chase | XXXXX0228 | Ashley Y. Nguyen | Chase Total Checking | Ashley Y. Nguyen |
| JPMorgan Chase | XXXXX0016 | Khanh P. Nguyen DBA Luat Services | Chase Total Business Checking | Khanh P. Nguyen and Ashley Y. Nguyen |
| JPMorgan Chase | XXXXX5915 | Khanh P. Nguyen | Chase College Checking | Khanh P. Nguyen |
| JPMorgan Chase | XXXXX3135 | Khanh P Nguyen DBA Galaxy Multi-Services | Chase Total Business Checking | Khanh P Nguyen and Ashley Y. Nguyen |
| JPMorgan Chase | XXXXX9095 | Ashley Y. Nguyen | Chase Savings | Ashley Y. Nguyen |
| Wells Fargo Bank | XXXXX8855 | BMM Welding USA, Inc. | Analyzed Business Checking | Zhongmin Dai and Zhuying Wang |
| Wells Fargo Bank | XXXXX4448 | Ashley Nguyen | Wells Fargo Way2Save Checking | Ashley Y. Nguyen |
| Wells Fargo Bank | XXXXX5778 | Hung Van Nguyen / Jennifer T. Nguyen | Wells Fargo Everyday Checking | Hung Van Nguyen and Jennifer T. Nguyan |
| Wells Fargo Bank | XXXXX5155 | Ashley Nguyen | Wells Fargo Way2Save Savings | Ashley Y. Nguyen |
| Wells Fargo Bank | XXXXXX0513 | Ashley Nguyen | Wells Fargo Way2Save Checking | Ashley Y. Nguyen |
| Wells Fargo Bank | XXXXXX9245 | Hung Van Nguyen / Jennifer T. Nguyen | Wells Fargo Way2Save Savings | Hung Van Nguyen and Jennifer T. Nguyen |
| Wells Fargo Bank | XXXXXX3663 | Ashley Nguyen | Wells Fargo Way2Save Savings | Ashley Y. Nguyen |
| Wells Fargo Bank | XXXXXX1076 | Ashley Nguyen | Well Fargo Opportunity Checking | Ashley Y. Nguyen |
| First Community Credit Union | XXXX040-1 | Hung Phuoc Nguyen | Savings Account #1 | Hung Phuoc Nguyen |

| First Community Credit Union | XXXX040-2 | Hung Phuoc Nguyen | CheckPLUS Checking Account #2 | Hung Phuoc Nguyen |
|---|---|---|---|---|
| First Community Credit Union | XXXX040-1 | Catherine Bui Nguyen | Savings Account #1 | Catherine Bui Nguyen and Hung Phuoc Nguyen |
| First Community Credit Union | XXXX040-2 | Catherine Bui Nguyen | Free Checking Account #2 | Catherine Bui Nguyen and Hung Phuoc Nguyen |
| First Community Credit Union | XXXX050-1 | Helene Bui Nguyen | Savings Account #1 | Helene Bui Nguyen and Hung Phuoc Nguyen |
| First Community Credit Union | XXXX050-2 | Helene Bui Nguyen | Free Checking Account #2 | Helene Bui Nguyen and Hung Phuoc Nguyen |

## IMMIGRATION PROCEDURES

7.     The United States Citizenship and Immigration Services ("USCIS") is a government agency that oversees lawful immigration to the United States and provides the procedures for United States citizens and permanent residents to acquire permanent resident status for their immigration spouses living in the United States and abroad.

8.     To perform this function, USCIS requires persons to submit various immigration forms.  These forms include:

      a.     Form I-130, Petition for Alien Relative ("I-130");

      b.     Form I-485, Application to Register Permanent Residence or Adjust Status ("I-485");

      c.     Form I-751, Petition to Remove Conditions on Residence ("I-751");

      d.     Form I-864, Affidavit of Support Under Section 213A of the INA ("I-864"); and

   e.  Form I-129F, Petition for Alien Fiancé(e).

9.  A non-citizen may seek to obtain lawful permanent resident status in the United States based upon his/her valid marriage to a United States citizen.

10.  The United States citizen in such a marriage who applies for such an immigration benefit is hereinafter referred to as a "petitioner." The non-citizen in such a marriage who potentially would receive the immigration benefit as a result of that marriage is referred to as the "beneficiary spouse."

11.  <u>Form I-130</u>.  To accord the beneficiary spouse "immediate relative" status, a petitioner must file an I-130 with USCIS.  In support of the I-130, among other requirements, a petitioner must submit the marriage certificate and indicate where both the petitioner and beneficiary spouse reside and intend to reside.

12.  <u>Form I-485</u>.  Additionally, to adjust the beneficiary spouse's immigration status to that of a lawful permanent resident, the beneficiary spouse must file an I-485 with USCIS.  In an I-485, the beneficiary spouse must provide his/her complete marital history and residential history for the past five years.  The beneficiary spouse must also indicate in the I-485 if he/she has:

   a.  "ever submitted fraudulent or counterfeit documentation to any U.S. Government official to obtain or attempt to obtain any immigration benefit, including a visa or entry into the United States;"

   b.  "ever lied about, concealed, or misrepresented any information on an application or petition to obtain a visa, other documentation required for entry into the United States, admission to the United States, or any other kind of immigration benefit;" and

   c.  "ever committed a crime of any kind (even if you were not arrested, cited, charged with, or tried for that crime)."

13.     There is no waiting period (other than processing) for the beneficiary spouse to adjust his/her status to that of a lawful permanent resident.  If the I-130 and I-485 are approved, the beneficiary spouse is accorded conditional permanent resident status.  The conditional permanent resident status expires after two years.

14.     Form I-864.  In addition, the beneficiary spouse must also file a Form I-864 which must be signed under penalty of perjury by the petitioner (i.e., his/her United States citizen spouse), in order to establish the beneficiary spouse has adequate means of financial support and is not likely to rely on the United States government for financial support.  In support of an I-864, the beneficiary spouse must submit employment records, asset records, and tax returns of himself/herself, his/her spouse, his/her household members, and/or his/her sponsor in order to establish that their collective income is at least 125 percent of the current Federal poverty line.

15.     Form I-751.  Within ninety days of the conditional permanent resident status expiration, and in order to have the conditions on the beneficiary spouse's permanent resident status removed, the petitioner and the beneficiary spouse must file an I-751 with USCIS.  Absent certification that the United States citizen spouse is deceased, the marriage ended in divorce, the alien spouse suffered domestic violence from the United States citizen spouse, or the alien spouse would suffer an extreme hardship if deported, the petitioner and beneficiary spouse submitting the I-751 must certify that the marriage was entered in accordance with the laws of the place where the marriage took place and was not for the purpose of procuring an immigration benefit.

16.     Form I-129F.  Furthermore, an I-129F is required if a United States citizen is seeking to have a non-citizen fiancé admitted that that they may get married in the United States. An I-129F is submitted by the United States citizen spouse and allows his/her alien fiancé to enter the United States as a nonimmigrant for the purpose of getting married within ninety days of the

alien fiancé's arrival.  Along with the I-129F, the United States citizen petitioner must also submit evidence that he/she actually met the alien fiancé in person within the prior two years, or that there were extreme hardships or strict and long-established customs of the alien fiancé's culture or social practice prohibiting such an in-person meeting.

17.     Persons submitting Forms I-130, I-485, I-864, I-751, and I-129F sign these forms under penalty of perjury and certify all of the information provided is complete, true, and correct.

## CRIMINAL CONSPIRACY

18.     This criminal organization is operating a large-scale marriage fraud scheme in which it creates sham marriages in order to illegally obtain admission and immigrant status for aliens in the United States.  The conspirators will pair aliens seeking these immigration benefits with United States citizens, create sham marriages between them, and then file false forms with USCIS in order to obtain these immigration benefits for the alien.  The conspirators receive monetary payments from these aliens and pay the United States citizens a fee for their role in this conspiracy.

19.     The marriages entered into through this criminal conspiracy are sham marriages in that, among other things:

a.      the spouses do not live together and do not intend to live together, contrary to documents and statements submitted to USCIS;

b.      the spouses only meet briefly, immediately before they obtain their marriage license, or not at all;

c.      the spouses entered into the marriage pursuant to the financial arrangement described in the following paragraphs; and

d.      the spouses enter into the marriage for the primary purpose of circumventing the immigration laws of the United States.

20.     Aliens who seek to obtain admission and immigrant status through a sham marriage arranged by this criminal conspiracy are described below as "beneficiary spouses."  In this criminal conspiracy, the beneficiary spouses are non-citizens either living in another country and are seeking admission to the United States, or are in the United States under some temporary non-immigrant status.

21.     The United States citizens who enter into sham marriages with these beneficiary spouses are described below as "petitioners."

22.     Each beneficiary spouse entered in an agreement, which is sometimes written, with DUYEN and a company she does business as, in which the beneficiary spouse agrees to pay the criminal organization a total of up to between approximately $40,000 and $70,000 to obtain full lawful permanent resident status.  These agreements are prorated such that the beneficiary spouse agrees to pay an additional amount for each immigration benefit they receive, including, but not limited to:

a.      admission into the United States;

b.      conditional permanent resident status, and

c.      full lawful permanent resident status.

23.     DUYEN and KHANH PHUONG NGUYEN have entered into sham marriages themselves as petitioners for beneficiary spouses.

24.     DUYEN, KHANH PHUONG NGUYEN, and others also recruit other United States citizens to act as petitioners in sham marriages.  These petitioners receive a portion of the proceeds this criminal organization receives from the beneficiary spouses.

9

25.     Furthermore, several individuals that were recruited as petitioners soon after became recruiters themselves.  Such individuals include, but are not limited to FELICIA DENISE BARGAS, KRISTINE GUZMAN, and JANIE GONZALEZ.

26.     This criminal organization also employs individuals to be in charge of receiving the proceeds from the beneficiary spouses and disbursing the payments to the petitioners.  Three such employed individuals are TUYEN THAI HUYNH, BINH THANH NGUYEN, and THUY LINH NGOC VO.

27.     This criminal organization also employs individuals to act as guides for the United States citizen petitioners when they had to travel to Vietnam under the guise that the United States citizen would going to meet his/her fiancé, who, in truth, was a beneficiary spouse paying this criminal organization in order to circumvent United States law.  Such individuals include FELICIA DENISE BARGAS, and KRISTINE GUZMAN.

28.     The criminal organization also prepares, and provides to the petitioner and beneficiary spouse, fake wedding albums containing photographs to make it appear as if they had a wedding ceremony above and beyond a marriage at a courthouse.

29.     This criminal organization also employs individuals to act as drivers to take petitioners and beneficiary spouses to their sham marriage ceremonies, appointments with immigration officials at USCIS, and meetings with immigration document preparers.

30.     For the sham marriages involving non-citizens already in the United States, this criminal organization arranges the filing with USCIS of false Forms I-130, I-485, and I-751.

31.     For the sham marriages and potential sham marriages involving non-citizens abroad, this criminal organization arranges the filing of these false forms, as well as false Forms I-129F with USCIS, as well as false applications for non-immigrant B1/B2 tourist visas in which

the beneficiary spouse would claim that he/she is seeking to come to the United States for a temporary period as a tourist, but, in truth, was seeking to come to engage in an aforementioned sham marriage.

32.    The criminal organization also provides false tax, utility, and employment information, and false documentation in support thereof, in order for USCIS to approve the false immigration forms.

## COUNT ONE

### (Conspiracy to Engage in Marriage Fraud)

Paragraphs 1-32 of the Introduction, and Counts 2-14 of this Indictment, are re-alleged and incorporated herein by reference.

From on or about August 9, 2013, and continuing until on or about November 19, 2019, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

### MINH HOANG DANG,

defendant herein, did knowingly and willfully conspire, confederate, and agree with persons known and unknown to the Grand Jury to commit and attempt to commit the following offenses against the United States contained in Counts 2-14, that is the defendant and persons known and unknown to the Grand Jury knowingly conspired to enter into marriages for the purpose of evading any provision of the immigration laws of the United States.

In furtherance of the conspiracy, and to achieve its objects, the defendant committed the overt acts alleged in Paragraphs 1-32 of the Introduction and Counts 2-13 of this Indictment.

**All in violation of Title 18, United States Code, Section 371.**

## COUNT TWO

### (Marriage Fraud)

On or about November 7, 2013, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

### MINH HOANG DANG,

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly and unlawfully enter into marriage for the purpose of evading a provision of the immigration laws of the United States.

**All in violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.**


## COUNT THREE

### (Conspiracy to Commit Mail Fraud)

Paragraphs 1-32 of the Introduction and Counts 1-2 and 4-14 of this Indictment, are re-alleged and incorporated herein by reference.

From on or about November 7, 2013, and continuing until on or about November 19, 2019, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

### MINH HOANG DANG,

defendant herein, did knowingly conspire, confederate, and agree with others known and unknown to the Grand Jury to commit the following offenses against the United States:  to knowingly and willfully, in violation of Title 18, United States Code, Section 1341, execute a scheme and artifice to defraud United States Citizenship and Immigration Services and obtain fraudulent marriage licenses and immigration benefits based thereon by means of false and fraudulent pretenses,

representations, and promises and for the purpose of executing and attempting to execute the above described scheme and artifice to defraud, did place in any post office and authorized depository for mail, the items set forth in Counts 4-6 on or about the date set forth therein.

In furtherance of the conspiracy, and to achieve its objects, the defendant committed the overt acts alleged in Paragraphs 1-32 of the Introduction, and Counts 1-2 and 4-14 of this Indictment.

**All in violation of Title 18, United States Code, Sections 1349 and 1341.**

## <u>COUNT FOUR</u>

**(Mail Fraud)**

On or about June 27, 2014, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**MINH HOANG DANG,**

defendant herein, aiding and abetting others known and unknown to the Grand Jury, with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent manner, the herein-described scheme and artifice to defraud and obtain immigration benefits by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute this scheme and artifice to defraud and obtain immigration benefits, the defendant knowingly aided and abetting placing in a United States Postal Service post office and United States Postal Service authorized depository for mail, to be sent and delivered by the United States Postal Service, a Form I-130 and Form I-485, and attachments to the Form I-130 and Form I-485, that included false statements under penalty of perjury, and fictitious addresses, cohabitants, and lease agreements.

**All in violation of Title 18, United States Code, Section 1341 and 2.**

## COUNT FIVE

**(Mail Fraud)**

On or about December 1, 2014, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**MINH HOANG DANG,**

defendant herein, aiding and abetting others known and unknown to the Grand Jury, with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent manner, the herein-described scheme and artifice to defraud and obtain immigration benefits by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute this scheme and artifice to defraud and obtain immigration benefits, the defendant knowingly aided and abetting placing in a United States Postal Service post office and United States Postal Service authorized depository for mail, to be sent and delivered by the United States Postal Service, a Form I-130 and Form I-485, and attachments to the Form I-130 and Form I-485, that included false statements under penalty of perjury, and fictitious addresses and cohabitants.

**All in violation of Title 18, United States Code, Section 1341 and 2.**

## COUNT SIX

**(Mail Fraud)**

From on or about January 4, 2019, to on or about January 10, 2019, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**MINH HOANG DANG,**

defendant herein, aiding and abetting others known and unknown to the Grand Jury, with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent manner, the herein-described scheme and artifice to defraud and obtain immigration benefits by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute this scheme and artifice to defraud and obtain immigration benefits, the defendant knowingly aided and abetting placing in a United States Postal Service post office and United States Postal Service authorized depository for mail, to be sent and delivered by the United States Postal Service, a Form I-130 and Form I-485, and attachments to the Form I-130 and Form I-485, that included false statements under penalty of perjury, and fictitious addresses and cohabitants.

**All in violation of Title 18, United States Code, Section 1341 and 2.**

## COUNT SEVEN

### (Conspiracy to Commit Immigration Fraud)

Paragraphs 1-32 of the Introduction and Counts 1-6 and 8-13 of this Indictment are re-alleged and incorporated herein by reference.

From on or about November 7, 2013, and continuing until on or about November 19, 2019, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**MINH HOANG DANG,**

defendant herein, did knowingly and willfully conspire, confederate, and agree with persons known and unknown to the Grand Jury to commit and attempt to commit the following offenses against the United States contained in Counts 8-10, that is, the defendant knowingly presented and

made under oath and subscribed as true false statements with respect to material facts in immigration documents.

In furtherance of this conspiracy, and to achieve its objects, the defendant committed the overt acts alleged in Paragraphs 1-32 of the Introduction and Counts 1-6 and 8-14 of this Indictment.

**All in violation of Title 18, United States Code, Section 371.**

## COUNT EIGHT

**(Immigration Fraud - False and Fraudulent Statements in Immigration Documents)**

From on or about June 18, 2014, to on or about July 1, 2014, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**MINH HOANG DANG,**

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly present and make under oath and subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application, affidavit and document required by the immigration laws and regulations prescribed thereunder, namely, a Form I-130, Form I-485, and attachments to the Form I-130 and Form I-485, in that:

1. Defendant claimed that he resided with Lily Ung at the addresses listed and that the letters and documents verifying such joint residence were truthful and not fictitious; and

2. Defendant answered "no" to the following questions under oath and penalty of perjury:

   a. Have you, by fraud or willful misrepresentation of a material fact, ever sought to produce, or procured, a visa, other documentation, entry into the United States, or any immigration benefit,

which statements the defendant described below knew were false because:

1. Defendant knew he did not reside with Lily Ung at the addresses indicated and that documents stating they did were not truthful;

2. Defendant knowingly and unlawfully entered into marriage for the purpose of evading a provision of the immigration laws of the United States; and

3. Defendant knew that the documentation submitted was fraudulent and such fraudulent documentation was submitted to obtain an immigration benefit, he had lied and made misrepresentations in the documentation submitted which were submitted for immigration benefits, and he had engaged in marriage fraud.

**All in violation of Title 18, United States Code, Section 1546(a) and 2.**

## <u>COUNT NINE</u>

**(Immigration Fraud - False and Fraudulent Statements in Immigration Documents)**

From on or about December 1, 2014, to on or about December 8, 2014, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**MINH HOANG DANG,**

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly present and make under oath and subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application, affidavit and document required by the immigration laws and regulations prescribed thereunder, namely, a Form I-130, Form I-485, and attachments to the Form I-130 and Form I-485, in that:

1. Defendant claimed that he resided with Lily Ung at the addresses listed and that the letters and documents verifying such joint residence were truthful and not fictitious; and

2. Defendant answered "no" to the following questions under oath and penalty of perjury:

    a. Have you, by fraud or willful misrepresentation of a material fact, ever sought to produce, or procured, a visa, other documentation, entry into the United States, or any immigration benefit,

which statements the defendant described below knew were false because:

17

1. Defendant knew he did not reside with Lily Ung at the addresses indicated and that documents stating they did were not truthful;

2. Defendant knowingly and unlawfully entered into marriage for the purpose of evading a provision of the immigration laws of the United States;

3. Defendant knew that the documentation submitted was fraudulent and such fraudulent documentation was submitted to obtain an immigration benefit, he had lied and made misrepresentations in the documentation submitted which were submitted for immigration benefits, and he had engaged in marriage fraud;

4. Defendant claimed under oath and penalty of perjury that he resided at 9023 Westwillow Drive, Houston Texas from June, 2010 to June, 2013, and that he resided at 9515 West Gulf Bank Road, Houston, Texas from July, 2013 until December 1, 2014.  However, in his prior I-485 application submitted under oath and penalty of perjury, Defendant claimed that he resided at 8200 Broadway, Houston, Texas from August, 2008 to July, 2013, and that he resided at 11315 Newbrook Driver, Houston, Texas from July, 2013 until June 18, 2014.

**All in violation of Title 18, United States Code, Section 1546(a) and 2.**

## COUNT TEN

**(Immigration Fraud - False and Fraudulent Statements in Immigration Documents)**

From on or about January 4, 2019, to on or about November 19, 2019, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**MINH HOANG DANG,**

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly present and make under oath and subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application, affidavit and document required by the immigration laws and regulations prescribed thereunder, namely, a Form I-130, Form I-485, and attachments to the Form I-130 and Form I-485, in that:

1. Defendant answered "no" to the following questions under oath and penalty of perjury:

    a. Have you **EVER** committed a crime of any kind (even if you were not arrested, cited, charged with, or tried for that crime)?

    b. Have you **EVER** submitted fraudulent or counterfeit documentation to any U.S. Government official to obtain or attempt to obtain any immigration benefit, including a visa or entry into the United States?

    c. Have you **EVER** lied about, concealed, or misrepresented any information on an application or petition to obtain a visa, other documentation required for entry into the United States, admission to the United States, or any other kind of immigration benefit?

which statements the defendant described below knew were false because:

1. Defendant had twice previously claimed untruthfully under oath and penalty of perjury that he resided with Lily Ung at addresses they did not reside at together;

2. Defendant knowingly and unlawfully entered into marriage for the purpose of evading a provision of the immigration laws of the United States;

3. Defendant knew that the documentation submitted was fraudulent and such fraudulent documentation was submitted to obtain an immigration benefit, he had lied and made misrepresentations in the documentation submitted which were submitted for immigration benefits, and he had engaged in marriage fraud;

4. Defendant claimed under oath and penalty of perjury that he resided at 9515 West Gulf Bank Road, Houston, Texas from January, 2013 until November 31, 2015.  However: (i) in his first I-485 applications submitted under oath and penalty of perjury, Defendant claimed that he resided at 8200 Broadway, Houston, Texas from August, 2008 to July, 2013, and that he resided at 11315 Newbrook Driver, Houston, Texas from July, 2013 until June 18, 2014; and (ii) in his second I-485 application submitted under oath and penalty of perjury, Defendant claimed that he resided at 9023 Westwillow Drive, Houston Texas from June, 2010 to June, 2013, and that he resided at 9515 West Gulf Bank Road, Houston, Texas from July, 2013 until at least December 1, 2014.

**All in violation of Title 18, United States Code, Section 1546(a) and 2.**

## COUNT ELEVEN

**(Conspiracy to Make False Statements Under Oath
In Matter Relating To Registry of Aliens)**

Paragraphs 1-32 of the Introduction and Counts 1-10 and 12-14 of this Indictment are re-alleged and incorporated herein by reference.

From on or about November 7, 2013 and continuing until on or about January 10, 2019, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**MINH HOANG DANG,**

defendant herein, did knowingly and willfully conspire, confederate, and agree with persons known and unknown to the Grand Jury to commit and attempt to commit the following offenses against the United States contained in Counts 12-14, that is the defendant knowingly made false statements under oath in matters relating to the registry of aliens.

In furtherance of this conspiracy, and to achieve its objects, the defendant committed the overt acts alleged in paragraphs 1-32 of the Introduction and Counts 1-10 and 12-14 of this Indictment.

**All in violation of Title 18, United States Code, Section 371.**


## COUNT TWELVE

**(False Statements Under Oath In Matters Relating To Registry Of Alien)**

From on or about June 18, 2014, to on or about July 1, 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**MINH HOANG DANG,**

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly make a false statement under oath, namely, those identified in Counts 7-8 in the Form I-130 and Form I-485, and attachments to the I-130 and I-485, which relate to, and are under a law of the United States relating to, the registry of aliens.

**All in violation of Title 18, United States Code, Section 1015(a) and 2.**

## COUNT THIRTEEN

**(False Statements Under Oath In Matters Relating To Registry Of Alien)**

From on or about December 1, 2014, to on or about December 8, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**MINH HOANG DANG,**

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly make a false statement under oath, namely, those identified in Counts 7 and 9 in the Form I-130 and Form I-485, and attachments to the I-130 and I-485, which relate to, and are under a law of the United States relating to, the registry of aliens.

**All in violation of Title 18, United States Code, Section 1015(a) and 2.**

## COUNT FOURTEEN

**(False Statements Under Oath In Matters Relating To Registry Of Alien)**

From on or about January 4, 2019, to on or about November 19, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**MINH HOANG DANG,**

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly make a false statement under oath, namely, those identified in Counts 7 and 10 in the Form I-130 and Form I-485, and attachments to the I-130 and I-485, which relate to, and are under a law of the United States relating to, the registry of aliens.

**All in violation of Title 18, United States Code, Section 1015(a) and 2.**

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice to defendant,

**MIHN HOANG DANG,**

that in the event of conviction of an offense in violation of Title 18, United States Code, Sections 1341 or 1349 as charged in Counts 3-4 of this Indictment, all property, real or personal, which constitutes or is derived from proceeds traceable to such violation is subject to forfeiture.

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 982(a)(6))

Pursuant to Title 18, United States Code, Section 982(a)(6), the United States gives notice to defendant:

**MINH HOANG DANG,**

that in the event of conviction of a violation of, or a conspiracy to commit a violation of, Title 18, United States Code, Section 1546 as charged in Counts 5-8 of this Indictment or a violation of Title 18, United States Code, Section 1425 as charged in Count 9 of this Indictment, the following is subject to forfeiture:

(1) all conveyances, including vessels, vehicles, and aircraft, used in the commission of the offense(s);

(2) all real and personal property that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense(s); and

22

(3) all real and personal property that is used to facilitate, or is intended to be used to

facilitate, the commission of the offense(s).

## Money Judgment

The United States may seek the imposition of a money judgment.

## Substitute Assets

In the event that a condition listed in Title 21, United States Code, Section 853(p) exists,

the United States will seek to forfeit any other property of the defendant in substitution.

A TRUE BILL:

**Original Signature on File**
FOREPERSON OF THE GRAND JURY

ALAMDAR S. HAMDANI
United States Attorney, Southern District of Texas

Adam Laurence Goldman
Assistant United States Attorney
Adam.Goldman2@usdoj.gov